IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| ROSA I. CADENA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 6:11-CV-028-BL |
| | § | ECF |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

**REPORT AND RECOMMENDATION**

**THIS CASE** is before the court upon Plaintiff's complaint filed March 25, 2011, for judicial review of the administrative decision of the Commissioner of Social Security denying Plaintiff's applications for disability insurance benefits and for supplemental security income ("SSI") benefits under Title II and Title XVI of the Social Security Act. On March 30, 2011, the United States district judge, pursuant to 28 U.S.C. § 636(b), reassigned this case to the United States magistrate judge for all further proceedings. Plaintiff filed a brief in support of her complaint on August 13, 2011, Defendant filed a brief on September 7, 2011, and Plaintiff filed her reply on September, 2011. This court has considered the pleadings, the briefs, and the administrative record and recommends that the United States district judge reverse the Commissioner's decision and remand this case for further administrative proceedings.

I. **STATEMENT OF THE CASE**

Plaintiff protectively filed applications for disability insurance benefits and for SSI benefits on April 15, 2009, alleging disability beginning March 17, 2009. Tr. 14. Plaintiff's applications were denied initially and upon reconsideration. Tr. 12, 56-61, 65-68. Plaintiff filed a Request for Hearing by Administrative Law Judge on October 16, 2009, and this case came for hearing before the Administrative Law Judge ("ALJ") on June 10, 2010. Tr. 14, 32-49, 72. Plaintiff, represented by a non-attorney, testified in her own behalf. Tr. 36-42. Barbara A. Dunlap, a vocational expert ("VE"), appeared and testified as well. Tr. 43-48. The ALJ issued a decision unfavorable to Plaintiff on June 23, 2010. Tr. 11-24.

In his opinion the ALJ noted that the specific issue was whether Plaintiff was under a disability within the meaning of the Social Security Act. He found that Plaintiff met the disability insured status requirements through December 31, 2010, and that Plaintiff had not engaged in substantial gainful activity at any time since March 17, 2009. Tr. 16. Plaintiff has "severe" impairments, including obesity, amputation of toes on right foot, and diabetes mellitus. *Id*. Plaintiff's severe impairments, singularly or in combination, were not severe enough to meet or equal in severity any impairment listed in the Listing of Impairments, 20 C.F.R. Part 404, Subpt. P, App. 1. Tr. 17. Therefore, the ALJ was required to determine whether Plaintiff retained the residual functional capacity ("RFC") to perform her past relevant work or other work existing in the national economy.

The ALJ acknowledged that in making the RFC assessment, he must consider all symptoms, including pain, and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence, based on the requirements of Social Security Ruling 96-7p. Tr. 21.

The ALJ found that based on the evidence in the record, Plaintiff's statements concerning her impairments and their impact on her ability to work were not entirely credible. Tr. 18.

The ALJ found that Plaintiff could not return to her past relevant work. Tr. 23. He noted that Plaintiff was considered a "younger individual" with a limited education. 20 C.F.R. §§ 416.963, 416.964; Tr. 23.

The ALJ found that Plaintiff retained the RFC to perform sedentary work activity, limited to jobs that do not require more than occasional pushing and pulling 10 pounds with her lower extremities; that do not require more than occasional kneeling, crawling, stooping, and climbing ramps and stairs; that do not require crouching or climbing ladders, scaffolds, or ropes; that do more require more frequently reaching, handling, fingering, and feeling bilaterally with her arms; and that do not require working around excessive heat or cold, hazardous moving machinery, excessive humidity or wetness, or unprotected heights. Tr. 17. Having found that Plaintiff could not perform the full range of sedentary work, the ALJ turned to the testimony of the VE in determining whether Plaintiff was capable of making a vocational adjustment to other work despite her severe impairments. Tr. 23. He relied upon the testimony of the VE who indicated that a hypothetical person of Plaintiff's age, with Plaintiff's RFC and vocational history, could perform work which exists in significant numbers in the national economy, including the jobs of assembler, with 2,000 jobs in Texas and 50,000 jobs nationally; packer/inspector, with 2,000 jobs in Texas and 50,000 jobs nationally; and cashier, with 6,000 jobs in Texas and 80,000 jobs nationally. Tr. 24. The ALJ, therefore, concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time through the date of his decision. *Id*.

Plaintiff submitted a Request for Review of Hearing Decision/Order on August 5, 2010. Tr. 10. The Appeals Council denied Plaintiff's request and issued its opinion on December 11, 2010,

indicating that although it had considered the contentions raised in Plaintiff's Request for Review, it nevertheless concluded that there was no basis for changing the ALJ's decision. Tr. 5-9. The ALJ's decision, therefore, became the final decision of the Commissioner.

On March 25, 2011, Plaintiff commenced this action which seeks judicial review of the Commissioner's decision that Plaintiff was not disabled.

## II. STANDARD OF REVIEW

An applicant may obtain a review of the final decision of the Commissioner by a United States district court. 42 U.S.C. § 405(g). The court's review of a denial of disability benefits is limited to determining whether the decision is supported by substantial evidence and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002); *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). The court will not re-weigh the evidence, try the questions *de novo*, or substitute its judgment for the Commissioner's, even if the court believes that the evidence weighs against the Commissioner's decision. *Masterson,* 309 F.3d at 272. "[C]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Id.* (quoting *Newton v. Apfel,* 209 F.3d 448, 452 (5th Cir. 2000)).

In order to qualify for disability insurance benefits or SSI, a claimant has the burden of proving that he or she has a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Newton,* 209 F.3d at 452; *see* 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1527(a)(1).

The Commissioner follows a five-step process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. § 404.1520; *Masterson*, 309 F.3d at 271; *Newton*, 209 F.3d at 453. In this case the ALJ found at step 5 that Plaintiff was not disabled because she retained the ability to perform work in the national economy. Tr. 24.

### III. DISCUSSION

Plaintiff claims that the ALJ's erred by failing to find that Plaintiff's impairments and the limitations imposed therein met or equaled Listing 1.05B of the Listing of Impairments. Plaintiff also alleges that the ALJ erred by failing to appropriately consider the medical opinions in the record, failed to consider the functional limitations imposed by all of Plaintiff's impairments, failed to evaluate Plaintiff's ability to communicate in English, and failed to consider Plaintiff's amended onset date.

The ultimate issue is whether the ALJ's decision is supported by substantial evidence. The court, therefore, must review the record to determine whether it "yields such evidence as would allow a reasonable mind to accept the conclusion reached by the ALJ." *Loza v. Apfel,* 219 F.3d 378, 393 (5th Cir. 2000).

**A. Whether the ALJ erred by failing to find that Plaintiff met the criteria of Section 1.05B of the Listing of Impairments.**

In his opinion, the ALJ indicated that he had considered Sections 1.05, 1.00, and 9.08 at step three of the sequential evaluation process, and found that the objective medical evidence failed to demonstrate that Plaintiff's impairments, singularly or combination, met or equaled the severity of any section of the Listing of Impairments, 20 C.F.R. Pt. 4, Subpt. P, App. I.

Plaintiff argues that the medical evidence of record demonstrates that she meets the criteria of Listing 1.05B, noting that she has a (1) lower extremity amputation at or above the tarsal region,

with stump complications that result in (3) an inability to ambulate effectively, which has (4) lasted or is expected to last for at least 12 months.

The ALJ noted, when discussing the evidence of record that Plaintiff's right third toe was amputated on March 23, 2009; however a transmetatarsal amputation was performed on March 31, 2009. Tr. 19. The ALJ noted that Plaintiff's treating physician, Dr. Scott Westmoreland, noted that Plaintiff was doing well post-surgery and had no complaints. Plaintiff complained of erythema to her right foot and was prescribed antibiotics for possible early cellulitis on May 6, 2009. *Id*. Dr. Westmoreland noted that Plaintiff continued to do well, with no pain, and virtually no evidence of edema, on May 15, 2009. *Id*. Plaintiff's treating primary care physician, Dr. Brad Baked, noted that Plaintiff reported that her condition remained the same. *Id*.

The ALJ noted that Plaintiff was sent to Dr. O. Martin Franklin for a consultative examination. Tr. 19. The ALJ noted Plaintiff's reports to Dr. Franklin of chronic pain, diabetic neuropathy, and phantom pain in her right foot. *Id*. The ALJ discussed Dr. Franklin's observations that Plaintiff was morbidly obese, and was unable to heel-to-toe walk or squat and rise, secondary to her amputation. *Id*. The ALJ also noted Dr. Franklin's report of Plaintiff being in a wheelchair and her ability to transfer from the wheelchair. Tr. 19-20.

The ALJ noted Dr. Westmoreland's report of a blood blister on her foot, and that her stump was clean with no evidence of edema. Tr. 20. An October 5, 2009 examination by Dr. Westmoreland indicated decreased sensation, although Plaintiff apparently indicated that she was doing "quite well." *Id*. The ALJ noted Plaintiff's report of sharp pain in her foot on April 29, 2010, and her subsequent evaluation by Dr. Paul Harris. *Id*. The ALJ noted that Dr. Harris indicated that Plaintiff's sensory was notably decreased in her lower extremities, her deep tendon reflexes were absent, and the diagnosis of peripheral neuropathy with secondary sensory ataxia. Tr. 20. Dr. Harris

also reported that although Plaintiff's strength of 5/5 in her upper and lower extremities, she had significantly decreased sensory in the upper and lower extremities which resulted in poor fine manipulation. *Id*.

The ALJ noted Plaintiff's testimony of using a walker and having problems with gripping her walker after 20 minutes. Tr. 18. The ALJ ultimately found that Plaintiff's subjective complaints were only minimally credible. Tr. 23. He also discounted the opinion of Dr. Westmoreland, a treating physician, as to the limitations imposed by Plaintiff's impairment. Tr. 21.

The ALJ determines at step 3 of the 5-step sequential analysis whether a claimant's severe impairments meet or equal one or more of the Listings. At step 3 the burden of proof rests with a claimant. Ultimately, the claimant has the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990). That burden is to provide and identify medical signs and laboratory findings that support *all* criteria for a step 3 impairment determination. *McCuller v. Barnhart,* 72 Fed.Appx. 155, 158 (5th Cir. 2003); *Selders,* 914 F.2d at 619; 20 C.F.R. § 404.1526(a). If a claimant fails to provide and identify medical signs and laboratory findings that support all criteria of a Listing, the court must conclude that substantial evidence supports the ALJ's finding that the required impairments for any Listing are not present. *Selders,* 914 F.2d at 620. To meet a listed impairment, the claimant's medical findings (i.e., symptoms, signs, and laboratory findings) must match those described in the listing for that impairment. 20 C.F.R. §§ 404.1525(d), 404.1528; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Plaintiff alleges that the medical evidence of record demonstrates that she has meet each of the criteria of Section 1.05B of the Listing of Impairments. Defendant argues that there is insufficient evidence to demonstrate that Plaintiff experienced any stump complication nor did she

demonstrate her inability to ambulate effectively. This court may not reweigh the evidence; rather, the court must determine whether the decision of the ALJ is supported by substantial evidence in the record.

The ALJ's opinion indicates that Plaintiff's original amputation was supplemented with a transmetatarsal amputation, the Plaintiff complained of erythema and was treated with antibiotics, that she experienced a blood blister, that her sensory was notably decreased and deep tendon reflexes were absent upon examination, and that Plaintiff used a wheelchair and later a walker in order to ambulate. Tr. 18-21. However, in his opinion, the ALJ also notes that Plaintiff was reported to be doing well repeatedly and did not always report pain. While the ALJ characterizes the possible infection, complaints of erythema, and the blood blister as being mild, the ALJ does not address whether the various reports reflected in the medical record, including the objective reports of Dr. Harris, support or fail to support specific criteria of Section 1.05B of the Listing of Impairments. Plaintiff has pointed to specific medical evidence, which was mentioned in the ALJ's opinion, as indicative of stump complications; however, the ALJ did not address whether or which criteria of this Listing were met or not met.

Plaintiff also argues that she has demonstrated an inability to ambulate effectively. Section 1.00 B(2)(b)(1) explains:

> Inability to ambulate effectively means an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00 J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

20 C.F.R. Pt. 4, Subpt. P, App. 1, § 1.00 B(2)(b)(1). Plaintiff alleges that she uses a walker and has problems with gripping with continued use of her walker. Section 1.00 J(4) indicates that:

> When an individual with an impairment involving a lower extremity or extremities uses a hand-held assistive device, such as a cane, crutch or walker, examination should be with and without the use of the assistive device unless contraindicated by the medical judgment of a physician who has treated or examined the individual. The individual's ability to ambulate with and without the device provides information as to whether, or the extent to which, the individual is able to ambulate without assistance. The medical basis for the use of any assistive device (e.g., instability, weakness) should be documented.

20 C.F.R. Pt. 4, Subpt. P, App. 1, § 1.00 J(4).

The ALJ does not address the issue of whether Plaintiff was able to ambulate effectively. He noted a report by Dr. Harris that Plaintiff was able to transfer from the wheelchair she was using. He noted Plaintiff's report of problems gripping after extended use of her walker. He also noted Dr. Westmoreland's report that Plaintiff had no limitations regarding the use of her hands. The ALJ ultimately found that Plaintiff retained the RFC to lift and carry 10 pounds occasionally and less than 10 pounds frequently. Tr. 17. The ALJ also specifically found that Plaintiff can frequently reach, handle, finger, and feel bilaterally with her arms. *Id*.

There is medical evidence in the record identified by the Plaintiff and discussed by the ALJ which clearly relates to the question of whether she can ambulate effectively. However, as the ALJ did not discuss such evidence with relation to this determination that Plaintiff did not meet the criteria of Section 1.05B of the Listing of Impairments. The *post hoc* analysis provided by the Defendant fails to demonstrate that Plaintiff did not point to medical evidence of record which supported each of the criteria of Section 1.05B of the Listing of Impairments and the ALJ opinion is lacking an appropriate analysis. The ALJ's failure to discuss such evidence in relation to his step 3 finding is particularly troubling given his finding that Plaintiff was "minimally credible," his decision to reject Dr. Westmoreland's opinion as to the limitations imposed by Plaintiff's impairment, and the determination to give little evidentiary weight to the opinion of the State agency physicians. Tr. 22. As the ALJ and the Plaintiff point to the same evidence, the ALJ's failure to

discuss his analysis of such evidence *vis-à-vis* his evaluation of Plaintiff's impairments, the limitations imposed therein, and whether such limitations meet the criteria of any section of the Listing of Impairments demonstrates that such opinion is not supported by substantial evidence in the record.

**B.     Request for reversal and an award of immediate benefits**

Plaintiff argues that she is entitled to reversal of the ALJ's decision with an immediate award of benefits. However, in this matter a reversal with directions to award benefits is not proper. There is a question as to whether the ALJ appropriately considered the Plaintiff's amendment to the disability onset date. The cumulative effect of the evidence in this case does not meet the very high burden of establishing "disability without any doubt," without an appropriate consideration of the disability onset date. *See Poe v. Comm'r of Soc. Sec.*, 2003 U.S. Dist. LEXIS 21307, 22-23 (N.D. Tex. 2003). Since the evidence of record does not demonstrate whether the ALJ appropriately considered Plaintiff's disability onset date, a remand for further administrative action is the appropriate course.

Plaintiff has raised other arguments with regard to the weighing of the evidence of record by the ALJ. Having found that the ALJ erred at step 3 of the sequential evaluation analysis, this court does not reach those arguments raised by the Plaintiff.

Upon remand, the ALJ should further consider and analyze the evidence of record in evaluating Plaintiff's severe medical impairments, the limitations imposed by such impairments, the opinions of Plaintiff's treating physicians, and whether such evidence demonstrates that Plaintiff's impairments, considered together, meet or equal in severity any section of the Listing of Impairments. The ALJ shall also determine the appropriate disability onset date.

## IV. CONCLUSION

Based upon the foregoing discussion of the issues, the evidence, and the law, this court recommends that the United States district judge reverse the Commissioner's decision and remand this case for further proceedings in accordance with this recommendation.

Plaintiff having refused consent to having the United States magistrate judge conduct all further proceedings in this case, this case is **TRANSFERRED** back to the docket of the United States district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

DATED this 19th day of April, 2012.

**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**